**FILED**

JUL 2 4 2014

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| STEVE SHELDON, | ) |
|  | ) |
| Petitioner, | ) |
|  | ) |
| v. | )  Civil Action No. *14-1261* |
|  | ) |
| JAMES E. ROGERS LAW SCHOOL, *et al.*, | ) |
|  | ) |
| Respondents. | ) |
|  | ) |

## MEMORANDUM OPINION

This matter is before the Court on the petitioner's application to proceed *in forma pauperis* and his *pro se* petition for a writ of mandamus. The Court will grant the application and dismiss the petition.

Through this action, petitioner seeks a writ of mandamus directing a school of his choice "to act and accept [him] into a graduate school program at a law or medical research university (Law (JD/MBA)[)] or Doctor of Physical Therapy (DPT/MBA)." Pet. at 3 (page numbers designated by petitioner). Mandamus relief is proper only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *Council of and for the Blind of Delaware County Valley, Inc. v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc). The party seeking mandamus has the "burden of showing that [his] right to issuance of the writ is 'clear and indisputable.'" *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citing *Bankers Life & Cas. Co.*

*v. Holland*, 346 U.S. 379, 384 (1953)). This petitioner addresses none of these elements, and thus fails to meet his burden. Furthermore, under the mandamus statute, *see* 28 U.S.C. § 1361, petitioner cannot obtain relief as against private or non-federal entities. *See, e.g., Meadows v. Explorer Pipeline Co.*, Nos. 13–CV–568 and 13–CV–680, 2014 WL 1365039, at *7 (N.D. Okla. Apr. 7, 2014) (finding that, under § 1361, "a mandamus action does not lie against a private corporation"); *Banks v. Dusquesne Light Co.*, No. 2:13–cv–1350, 2013 WL 6070054, at *4 (W.D. Pa. Nov. 14, 2013) (finding that mandamus relief under § 1361 cannot be obtained against utility companies and their employees); *Syngenta Crop Protection, Inc. v. Drexel Chemical Co.*, 655 F. Supp. 2d 54, 62 (D.D.C. 2009) (concluding that 28 U.S.C. § 1361, does not confer subject matter jurisdiction in case where plaintiff sought to compel private, not federal, entities to act).

The petition for a writ of mandamus will be denied. An Order accompanies this Memorandum Opinion.

DATE: 24 July 2014

United States District Judge